Corey BASS *v.* STATE of Arkansas

CR 96-1389                                    943 S.W.2d 580

Supreme Court of Arkansas
Opinion delivered April 28, 1997

*Herbert T. Wright, Jr., P.A.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant, Corey Bass, was convicted of attempted first-degree murder and was sentenced as a habitual offender to fifty years in prison. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), his counsel has filed a motion to be relieved and a brief stating there is no merit to the appeal. Bass was notified of his right to file a *pro se* brief within thirty days. He did not file a brief. The State agrees that there is no merit to Bass's appeal. We find that Bass's counsel did not fully brief the rulings that were adverse to his client. Accordingly, we order rebriefing.

Bass's conviction arose from an incident that occurred on November 13, 1995. Bass and the victim, James Harris, were involved in a confrontation approximately one month earlier that resulted in Mr. Harris receiving several stab wounds. The evidence concerning the circumstances of that confrontation was conflicting. Mr. Harris testified that he was giving Bass, his girlfriend, and his child a ride when Bass suddenly attacked him with a boxcutter. Bass testified that Harris was trying to rob him, and that he stabbed Harris in defense of himself and his family.

On November 13, 1995. Bass found Mr. Harris at the home of one of Bass's friends. Bass threatened to shoot Mr. Harris, and Mr. Harris, using a bystander as a shield, ran outside. Bass pursued Mr. Harris, and after Mr. Harris released the bystander, Bass opened fire. Mr. Harris was shot nine times in his legs and midsection.

The abstract and brief filed by Bass's attorney indicates that the Trial Court made five rulings that were adverse to Bass. These rulings included the denial of Bass's motion in limine to suppress the State's use of A.R.E. Rule 404(b) evidence; the denial of Bass's motion for a directed verdict; and the overruling of three objections Bass made to the relevancy of certain testimony. In the argument portion of the brief, Bass's counsel discusses these adverse rulings in the following manner:

1. *Whether the Judge Erred in denying Appellant's Motion in Limine to Suppress 404(B) evidence.*
   The evidence used under 404(b) was a prior attack upon the same victim, with a box cutter. The victim required 170 stitches.

2. *Whether the evidence was sufficient to sustain the charge of criminal attempt to commit murder in the first degree.*

Whether the Judge erred in denying Appellant's motion for a directed verdict.

3. *Whether or not the defendant's testimony regarding a willingness to accept a certain amount of time was relevant.*

   Testimony regarding plea negotiations is not relevant nor admissible.

4. *Whether or not the question of the Appellant regarding the actual amount of stitches used on the victim was relevant.*

   This issue was not relevant to this trial.

5. *Whether the Appellant's statement regarding how many times the victim was shot in the legs was relevant.*

   This issue was not relevant to this trial.

 *Anders v. California, supra,* and Ark. Sup. Ct. Rule 4–3(j) set forth the required contents of a no–merit brief that accompanies an attorney's request to withdraw. In pertinent part, Rule 4–3(j) provides:

> A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal.

As can be seen from the reproduction of the argument portion of the no–merit brief, counsel has not adequately explained why each of the adverse rulings is not a meritorious ground for reversal. The most obvious omission is the citation to any authority that would support counsel's belief that an argument on appeal from each ruling would not have merit. A close examination of the arguments also reveals other, more serious errors.

Regarding the denial of Bass's motion for a directed verdict, counsel seems to merely restate the point of argument. We are left completely without explanation as to why an argument concerning the sufficiency of the evidence would not be successful on appeal. Furthermore, the last two points, which deal with Bass's objections to the relevancy of testimony sought by the State when he testified on his own behalf, are also inadequate. It seems that when counsel argues "This issue was not relevant to this trial," he is merely restating the objection he made during the trial. Again,

we are left without the explanation required by *Anders v. California*, and Rule 4-3(j).

In a case where such a clearly inadequate no-merit brief has been filed, our only option is to direct counsel to rebrief the case according to the standards set forth in *Anders v. California* and Rule 4-3(j). As we do so, we are reminded of the Supreme Court's rationale for requiring the filing of a no-merit brief rather than a simple statement that the appeal has no merit:

> This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished by counsel.

*Anders*, 386 U.S. at 745.

The brief filed in this case, because it lacks citation to authority and a full discussion of each adverse ruling, amounts to nothing more than a statement that the appeal has no merit.

We direct Bass's attorney to file a new brief on or before May 27, 1997. In doing so, we note that it is possible that the Trial Court made one other adverse ruling during a pretrial discussion concerning Bass's eleventh-hour attempt to hire private counsel. While the trial judge clearly stated that he would not postpone the trial to allow for a substitution of attorneys, defense counsel's purpose for broaching the subject with the court is unclear. Stated another way, we cannot discern from the record whether counsel was merely informing the court of events that transpired immediately before trial, or whether he was making a motion on his client's behalf. Accordingly, we also direct counsel to discuss whether an adverse ruling was made, and if so, why an argument on appeal concerning that ruling would have no merit.

In accordance with Rule 4-3(j)(2), Bass will have thirty days from May 27, 1997 to raise any additional arguments in a *pro se* brief.

Rebriefing ordered.